UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-CV-24087

KENNETH SYMONS,

    Plaintiff,

vs.

INTERSTATE MANAGEMENT
COMPANY, LLC,

    Defendant.
_____/

## COMPLAINT

Plaintiff, Kenneth Symons, through his undersigned counsel, sues Defendant, Interstate Management Company, LLC, as follows:

### *Parties, Jurisdiction, and Venue*

1.     **Plaintiff, Kenneth Symons**, was and is a resident of Miami-Dade County, Florida, at all times material, over 18 years old, and *sui juris*.

2.     Mr. Symons was at all times material a Jewish man over the age of 40, and a member of a class of persons protected from religious discrimination in employment.

3.     The EEOC issued a Notice of Right to Sue to Mr. Symons on August 23, 2021.

4.     **Defendant, Interstate Management Company, LLC. ("Interstate"),** is a foreign limited liability company and it is *sui juris*.

5.     Defendant maintains its principal place of business in Arlington, Virginia but has conducted its for-profit business in this District in Miami-Dade County, Florida, where it employed Mr. Symons.

6. Defendant employed more than 20 employees for each working day in each of twenty or more calendar weeks in the current or preceding year.

7. Defendant was and is responsible for the conduct, acts, and omissions of its officers, managers, supervisors, and employees at all times material to this action.

8. This is an action for damages greater than $100,000, and this Court has jurisdiction over this matter.

9. This Court has original jurisdiction over Plaintiff's claims that arise under federal law pursuant to 28 U.S.C. §1331 and supplemental/pendent jurisdiction over Plaintiff's related state law claims pursuant to 28 U.S.C. §1367.

10. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendant is a foreign corporation that maintains offices within this District and because most of the actions complained of occurred within this District.

### *Common Factual Background*

11. Interstate is a third-party hotel management company that runs the day-to-day operations of hotels.

12. Interstate was hired to manage the operations of the Hilton Miami Dadeland, a newly branded hotel that was opening to the public in February 2019.

13. Mr. Symons was hired by Interstate to work as a Reservations Agent at the hotel on or about December 12, 2018.

14. Therefore, Mr. Symons was an employee of Interstate as that term is defined at 42 U.S.C. § 2000e.

15. Mr. Symons had a long, credentialed, and successful career working in hotel management prior to being employed with Interstate.

16. Interstate also hired numerous other staff members in preparation for the grand

opening of the hotel.

17. One of these staff members was Fernando Iglesias, who was hired as the Front Office Manager on or about December 27, 2018.

18. Mr. Iglesias was a direct supervisor of Mr. Symons, and they met every day to facilitate the opening of the hotel.

19. Upon being hired, Mr. Iglesias began to make inappropriate, demeaning comments to staff members, and especially to Mr. Symons.

20. Initially, Mr. Iglesias constantly joked about Mr. Symons's height by referring to him as a "midget", and Mr. Symons's age by calling him an "old man".

21. Many of these unsolicited and unwarranted comments were made in front of staff members and hotel customers, which made it difficult for Mr. Symons to perform his job duties

22. However, the unprovoked jesting about Mr. Symons's physical characteristics soon escalated into malicious barbs about his religion.

23. On or about May 20, 2019, Mr. Iglesias confirmed that Mr. Symons was Jewish, and then, in the presence of at least four other employees – one of which was a Jewish assistant manager – stated that he went to Israel and threw piggy banks on the ground and all of Mr. Symons's "Jew friends" came running to get the pennies.

24. Mr. Symons was insulted and humiliated by this experience.

25. Mr. Iglesias also set out on a campaign to discredit Mr. Symons's competence, and furthered this agenda by giving Mr. Symons negative performance reviews.

26. On or about August 19, 2019, Mr. Symons complained about the above-described mistreatment to Interstate's Human Resources Department.

27. Interstate conducted an investigation into Mr. Symon's allegations about Mr. Iglesias, and concluded that Mr. Iglesias indeed violated conduct prohibited by the company.

28. On August 29, 2019, Mr. Iglesias notified Mr. Symons that he was terminated from employment with Interstate.

29. Mr. Symons was otherwise qualified to work for Interstate as a Reservations Agent because he could still perform the essential functions of his job.

30. All conditions precedent were performed by Plaintiff, have occurred, or were waived by Interstate.

31. Mr. Symons agreed to pay his counsel a reasonable attorneys' fee for all services rendered.

## **COUNT I – VIOLATION(S) OF TITLE VII**
## **(RETALIATION)**

Plaintiff, Kenneth Symons, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further allege as follows:

32. Title VII, at 42 U.S.C. § 2000e-3(a), makes it unlawful for an employer to discriminate against an employee because the employee has opposed any practice made an unlawful employment practice under Title VII, or because the employee has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under Title VII.

33. Defendant was at all times material an "employer", as the term is defined at 42 U.S.C. § 2000e.

34. Mr. Symons possessed the skills, background, and qualifications necessary to perform the duties of his position.

35. Mr. Symons performed his work for Defendant satisfactorily, and he was in all respects a good employee of Defendant.

36. Mr. Symons engaged in statutorily protected activity by complaining to his

supervisors and to Defendant's human resources department about the discriminatory conduct of Mr. Iglesias.

37. Mr. Symons reasonably and in good faith believed that the conduct by Mr. Iglesias, as described above, was discriminatory and violated Title VII.

38. Defendant retaliated against Mr. Symons when it terminated his employment within ten (10) days of his formally complaining about Mr. Iglesias's abusive behavior.

39. The retaliatory actions of Defendant against Mr. Symons, when considered individually or collectively, constitute an adverse employment action because of his religion for purposes of Title VII.

40. These actions constitute an ultimate employment decision, altered the compensation, terms, conditions, or privileges of the employment of Mr. Symons's employment, and/or adversely affected his status as an employee.

41. Defendant's actions were malicious and demonstrated a reckless indifference to the rights of Mr. Symons.

42. The aforementioned acts of commission and omission by Defendant were done willfully, wantonly, and with reckless disregard for the consequences of such actions.

43. Mr. Symons suffered damages in the form of lost income in the past, lost income in the future, lost benefits, lost seniority rights, mental anguish, loss of dignity, and other intangible injuries.

44. Pursuant to Title VII, Mr. Symons is entitled to recover his attorneys' fees and costs from Defendant, in addition to damages and punitive damages.

WHEREFORE, Plaintiff, Kenneth Symons, demands the entry of a judgment in his favor and against Defendant, Interstate, Inc., after a trial by jury, declaring that the Defendant violated Title VII of the Civil Rights Act in retaliating against him, awarding him compensatory damages

including the loss of income in the past and in the future, lost benefits, seniority rights, for mental anguish, loss of dignity, other intangible injuries, for punitive damages, granting him a permanent injunction against Defendant from engaging in discriminatory/retaliatory employment practices on the basis of race, reinstating Mr. Symons to the position to which he should be holding, and awarding him his taxable costs and attorneys' fees.

## COUNT II – RETALIATION IN VIOLATION OF
## THE FLORIDA CIVIL RIGHTS ACT (FCRA)

Plaintiff, Kenneth Symons, reincorporates and re-alleges paragraphs 1 through 31 as though set forth fully herein and further allege as follows:

45. Florida Statute § 760.10(7) makes it an unlawful employment practice for an employer "to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section."

46. Mr. Symons possessed the skills, background, and qualifications necessary to perform the duties of his position.

47. Mr. Symons performed his work for Defendant satisfactorily, and he was in all respects a good employee of Defendant.

48. Mr. Symons engaged in statutorily protected activity by complaining to his supervisors and to Defendant's human resources department about the discriminatory conduct of Mr. Iglesias.

49. Mr. Symons reasonably and in good faith believed that the conduct by Mr. Iglesias, as described above, was discriminatory and violated FCRA.

50. Defendant retaliated against Mr. Symons when it terminated his employment

within ten (10) days of his formally complaining about Mr. Iglesias's abusive behavior.

51. The retaliatory actions of Defendant against Mr. Symons, when considered individually or collectively, constitute an adverse employment action because of his religion for purposes of FCRA.

52. These actions constitute an ultimate employment decision, altered the compensation, terms, conditions, or privileges of the employment of Mr. Symons's employment, and/or adversely affected his status as an employee.

53. Defendant's actions were malicious and demonstrated a reckless indifference to the rights of Mr. Symons.

54. The aforementioned acts of commission and omission by Defendant were done willfully, wantonly, and with reckless disregard for the consequences of such actions.

55. Mr. Symons suffered damages in the form of lost income in the past, lost income in the future, lost benefits, lost seniority rights, mental anguish, loss of dignity, and other intangible injuries.

56. As a direct and proximate result of Interstate's discriminatory practice of retaliation, Mr. Symons incurred economic losses, including the loss of wages and benefits, seniority, pension, vacation and sick leave benefits. In addition, Mr. Symons suffered psychological trauma and emotional distress.

57. Pursuant to the FCRA, Mr. Symons is entitled to recover his attorneys' fees and costs from Defendant, in addition to damages and punitive damages.

WHEREFORE Plaintiff, Kenneth Symons, demands the entry of a judgment in his favor and against Defendant, Interstate Management Company, Inc., after trial by jury, for compensatory damages, including for emotional distress damages, to be placed in the position he would be in, but for the unlawful discrimination, through compensation of lost past and future

wages and employment-related benefits, and awarding him his attorneys' fees, costs, and all interest allowed by law, and such other relief as the Court deems just and proper.

## COUNT III – HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT

Plaintiff, Kenneth Symons, reincorporates and re-alleges paragraphs 1 through 31 as though set forth fully herein and further allege as follows:

58. Title VII, at 42 U.S.C. § 2000e-2(a), makes it an unlawful employment practice for an employer to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's religion.

59. Interstate was at all times material an "employer", as the term is defined at 42 U.S.C. § 2000e.

60. Mr. Symons belongs to a protected group as a member of the Jewish religion.

61. Mr. Symons possessed the skills, background, and qualifications necessary to perform the duties of his position.

62. Mr. Symons performed his work for Defendant satisfactorily, and he was in all respects a good employee of Defendant.

63. Mr. Symons was subjected to unwelcome harassment when Mr. Iglesias made egregious, malicious, and stereotypical remarks about Mr. Symons's religion.

64. The harassment was based on Mr. Symons's religion.

65. The harassment was sufficiently severe and pervasive so as to alter the terms and conditions of Mr. Symons's employment and create a discriminatorily abusive work environment.

66. Defendant is liable for allowing a hostile work environment to exist where Mr. Iglesias felt comfortable espousing his anti-Semitic views in front of other employees, some of who were also in management positions.

67. As a direct and proximate result of this unlawful employment practice, Mr. Symons incurred economic losses, including the loss of wages and benefits, seniority, pension, vacation and sick leave benefits. In addition, Mr. Symons suffered psychological trauma and emotional distress.

WHEREFORE, Plaintiff, Kenneth Symons, demands the entry of a judgment in his favor and against Defendant, Interstate, Inc., after trial by jury, for compensatory damages, including for emotional distress damages, to be placed in the position he would be in, but for the unlawful discrimination, through compensation of lost past and future wages and employment-related benefits, and awarding him his attorneys' fees, costs, and all interest allowed by law, and such other relief as the Court deems just and proper.

## COUNT IV – HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

Plaintiff, Kenneth Symons, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further allege as follows:

68. Florida Statute § 760.10(1) makes it an unlawful employment practice for an employer to "discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status."

69. Mr. Symons belongs to a protected group as a member of the Jewish religion.

70. Mr. Symons possessed the skills, background, and qualifications necessary to perform the duties of his position.

71. Mr. Symons performed his work for Defendant satisfactorily, and he was in all respects a good employee of Defendant.

72. Mr. Symons was subjected to unwelcome harassment when Mr. Iglesias made

egregious, malicious, and stereotypical remarks about Mr. Symons's religion.

73. The harassment was based on Mr. Symons's religion.

74. The harassment was sufficiently severe to alter the terms and conditions of Mr. Symons's employment and create a discriminatorily abusive work environment.

75. Interstate is liable for allowing a hostile work environment to exist where Mr. Iglesias felt comfortable espousing his anti-Semitic views in front of other employees, some of who were also in management positions.

76. As a direct and proximate result of this unlawful employment practice, Mr. Symons incurred economic losses, including the loss of wages and benefits, seniority, pension, vacation and sick leave benefits. In addition, Mr. Symons suffered psychological trauma and emotional distress.

77. Pursuant to Title VII, Mr. Symons is entitled to recover his attorneys' fees and costs from Defendant, in addition to damages and punitive damages.

WHEREFORE, Plaintiff, Kenneth Symons, demands the entry of a judgment in his favor and against Defendant, Interstate, Inc., after trial by jury, for compensatory damages, including for emotional distress damages, to be placed in the position he would be in, but for the unlawful discrimination, through compensation of lost past and future wages and employment-related benefits, and awarding him his attorneys' fees, costs, and all interest allowed by law, and such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, Kenneth Symons, demands a trial by jury of all issues so triable.

Respectfully submitted this 19th day of November 2021,

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq.
Fla. Bar No. 174742

brian@fairlawattorney.com
Toussaint Cummings, Esq.
Fla. Bar No. 119877
toussaint@fairlawattorney.com
FAIRLAW FIRM
*Counsel for Plaintiff*
135 San Lorenzo Ave.
Suite 770
Miami, FL 33146
Tel:    305.230.4884
